**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAIRO OBED ORELLANA-RODRIGUEZ, | No.   17-73195 |
| Petitioner, | Agency No. A205-004-708 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 4, 2020**

Before:     FERNANDEZ, SILVERMAN, and TALLMAN, Circuit Judges.

Jairo Obed Orellana-Rodriguez, a native and citizen of Honduras, petitions

for review of the Board of Immigration Appeal's ("BIA") order dismissing his

appeal from an immigration judge's decision denying his applications for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014). We deny in part and dismiss in part the petition for review.

Orellana-Rodriguez does not challenge the agency's determination that his asylum application is time-barred. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived). Thus, we deny the petition for review as to Orellana-Rodriguez's asylum claim.

Substantial evidence supports the agency's determination that Orellana-Rodriguez failed to establish the harm he experienced or fears in Honduras was or would be on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) (an applicant's "desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground"). We lack jurisdiction to consider Orellana-Rodriguez's contentions regarding his political opinion and the social group of government witnesses against criminal gangs. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency). Thus, Orellana-Rodriguez's withholding of removal claim fails.

Substantial evidence also supports the BIA's determination that Orellana-Rodriguez failed to establish eligibility for humanitarian asylum. *See* 8 C.F.R. § 1208.13(b)(1)(iii).

Finally, substantial evidence supports the agency's denial of CAT relief because Orellana-Rodriguez failed to show it is more likely than not he will be tortured by or with the consent or acquiescence of the government if returned to Honduras. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009); *see also Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (generalized evidence of violence and crime in petitioner's home country was insufficient to meet standard for CAT relief).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**